Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
FEB 22 2002
FEB 22 2002
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY                           DEPUTY

ENTER ON ICMS
FEB 2 5 2002

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DENISE CASSARO,<br><br>         Plaintiff,<br><br>    v.<br><br>OSF INTERNATIONAL, INC.,<br>et al.<br><br>         Defendants. | SA CV 02-99 AHS (MLGx)<br><br>ORDER TO SHOW CAUSE WHY<br>COURT SHOULD NOT REMAND<br>ACTION FOR LACK OF<br>SUBJECT MATTER JURISDICTION,<br>RETURNABLE MARCH 18, 2002 |

      Plaintiff Denise Cassaro ("plaintiff") filed the Complaint in this action on September 19, 2001, in the Superior Court for the County of Orange.

      Defendant OSF International, Inc. ("defendant") filed a Notice of Removal in this Court on January 28, 2002. Defendant has failed to allege properly any basis upon which this Court has jurisdiction.

      This District's Local Rule 8-1 provides that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction." The only grounds



upon which defendant attempts to establish jurisdiction is diversity of citizenship. However, defendant has not alleged facts sufficient to show that diversity jurisdiction exists in this case.

To establish diversity jurisdiction, a party must allege complete diversity of citizenship of the parties and an amount in controversy exceeding $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. In addition, a defendant asserting removal jurisdiction must set forth the underlying facts supporting its assertion that the amount in controversy exceeds $75,000. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992). It is now the law of this Circuit that "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]." Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. Sanchez v. Monumental Life Ins., 102 F.3d 398, 404 (9th Cir. 1996).

Plaintiff's Complaint states only unspecified compensatory, liquidated, special, and punitive damages. This statement alone is insufficient to establish jurisdiction, and the Notice of Removal does not set forth any underlying facts to support the assertion that the amount in controversy exceeds $75,000. Thus, even though defendant has properly alleged the diverse citizenship of the parties, defendant has not established the Court's jurisdiction over this matter.

The Court therefore orders defendant to show cause in writing no later than March 18, 2002, why the Court should not remand this action for lack of subject matter jurisdiction. Plaintiff may reply to defendant's response in writing no later than March 25, 2002. No oral argument on this matter will be heard unless otherwise ordered by the Court.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties.

Dated: February 22, 2002.

_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE